ELKANAH MORTON, *Plff. in review vs.* ROBERT THOMPSON & *als.*

The process of forcible entry and detainer cannot be maintained, under the *stat.* of 1824, *ch.* 268, against one who has been in quiet possession for three years or more.

And it is immaterial, whether such possession be in submission to the title of the true owner, or in opposition to it.

THIS was a process of forcible entry and detainer under the *stat.* of 1824, *ch.* 268, brought by the defendants in review against the plaintiff in review, before a Justice of the Peace and of the quorum. The plaintiff in review had been in the lawful occu-

pancy of the premises under the will of *John Thompson*, the owner of the estate, and under whom the defendants in review claimed the reversion, for the term of three years, ending in *October*, 1829; after that time, said *Morton* continued his occupation of the premises until the commencement of the process, but produced no evidence of any legal right to the occupancy, after *October*, 1829; nor did he produce any evidence of his claiming title to the premises prior to that time. On the 10th of *Feb.* 1832, *Morton* was notified in writing by the defendants in review, the owners of the reversion, to quit the premises and deliver the same up to them. On the first of *June*, 1832, the agent of the defendants in review, and acting in their behalf, went to the house and requested *Morton* and his family to leave the premises and give him possession, and attempted to enter into actual possession. *Morton* refused to yield up the possession, and forcibly kept the agent out. *Morton* pleaded the general issue and filed a brief statement, that he had been in the quiet possession of the premises for three whole years together next preceding the filing of the complaint.

There were many other objections taken to the proceedings; but as the decision of the court had no reference to them, this being decisive of the whole case, they are not noticed.

*J. S. Abbott*, for the plaintiff in review, contended, that this process would not lie in this case. By the 4th section of the *stat.* of 1824, *ch.* 268, it is provided, " that this act shall not extend to any person who has been in the quiet possession of any lands or tenements three whole years together next preceding the filing of such complaint." In this case *Morton* had been in the peaceable occupancy of the premises for more than five years before any notice was given of the claim of the defendants in review. If the land is theirs, they may obtain the possession by bringing their suit.

*F. Allen* and *Harding*, for the defendants in review.

*John Thompson* was the original owner, and his title is in the defendants in review. *John Thompson* devised the premises to *Morton* for the term of three years free of rent, and this was all the title he ever had. The three years under the will expired in *October*, 1829. The complainants in the original process had

no rights to the possession until that time, and before three years afterwards, they gave the statute notice, and brought the statute process. The three years intended by the statute are three years holding without legal right. Where one man leases to another for the term of three years, and the lessee holds beyond his term, the proviso in the statute was never intended to take away the benefit of it from the lessor, if he pursued the remedy pointed out in it before three years from the expiration of the lease.

The opinion of the Court, after a continuance, was drawn up by

WESTON C. J. — Upon the decease of *John Thompson*, the owner of the estate in controversy, which took place in *October*, 1826, the plaintiff in review became in virtue of his will, entitled to the use and occupation of the same estate, for the period of three years. He held over; and thus continued the tenant at sufferance of the heirs at law of the deceased, who were entitled to the reversion, which had not been devised. On the first day of *June*, 1832, when the forcible detention is proved to have taken place, the plaintiff in review had been in quiet possession of the premises for nearly six years, from the decease of *John Thompson*.

By the *statute* of 1824, *ch.* 268, directing the proceedings in forcible entry and detainer, § 4, it is provided, that the act shall not extend to any person, who has been in quiet possession of any lands or tenements, three whole years together, next preceding the filing of the complaint. By this act the former statute of 1821, *ch.* 79, was repealed. That statute, as well as that of *Massachusetts, statute* of 1784, *ch.* 8, 1 *Mass. Laws*, 193, has the same provision; to which however there is subjoined this qualification, " and whose estate therein is not ended or determined."

Under the prior laws, the estate of the plaintiff in review having ended, a forcible detention would have rendered him liable to this process. But since the *statute* of 1824, the legislature have thought proper to leave the party injured to the ordinary legal remedies, and have withheld from him the remedy here sought, where the party resisting his right, has been in quiet possession for three years or more. The omission of the qualification in the

last act, leaves the proviso to its full operation, which very clearly forbids this process against a party so long in possession. To sustain it then, under these circumstances, would be an open and direct violation of the statute. Upon the facts in the case, we are therefore of opinion, that the plaintiff in review is entitled to judgment.